IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   18-CR-118-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL ARTHUR GERBER,

       Defendant.

## UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL ACT AND RESET TRIAL DATES AND DEADLINES

Defendant MICHAEL ARTHUR GERBER, by and through undersigned counsel, hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 60 days from the Speedy Trial Act computations, and in support thereof, states as follows:

### PROCEDURAL HISTORY

1.    On February 12, 2018, a criminal complaint was filed against Mr. Gerber, alleging a violation of 18 U.S.C. § 111(a)(1) (assaulting, resisting, or impeding certain officers or employees). *See* Doc. No. 1.[1] On March 14, 2018 Mr. Gerber was indicted on that same offense, with an additional count of Cyberstalking (a violation of 18 U.S.C. § 2261A(2)).  Doc. 17.

2.    On March 28, 2018 Mr. Gerber was arraigned on the indictment and entered a plea of not guilty as to each count.  Doc. 21.  A deadline for the filing of pretrial motions was set for

---

[1] "Doc." refers to the clerk's docket number.

1

April 13, 2018; a Trial Preparation Conference was set for May 14, 2018 and jury trial to commence on May 21, 2018.  *See* Doc. 23.

3. Undersigned counsel received initial discovery on this matter on March 28, which included approximately 250 pages of reports and 41 short security videos.  On April 5, 2018 the Assistant U.S. Attorney Dan Burrows informed counsel that additional discovery, regarding Mr. Gerber's Social Security benefits, was forthcoming in the next two weeks; that discovery is estimated to be approximately 700 pages in length.

4. Undersigned counsel has recently discovered that Mr. Gerber, a veteran of the United States military, may have some past mental health history and mental-health-related contact with law enforcement. Counsel believes that records of past mental health treatment, police reports of Mr. Gerber's contact with law enforcement, and related records within the Department of Veteran's Affairs will be crucial in assessing Mr. Gerber's role in these alleged offenses.  Counsel has obtained releases from Mr. Gerber to acquire this information but the collection of some records is likely to take a number of weeks.

## LAW REGARDING REQUESTS FOR CONTINUANCES

5. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C.

§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

6.   In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

7.   Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

8. As of this filing, defense counsel has been in possession of the initial discovery on this matter for a week, and anticipates receiving more discovery in the coming weeks. As such, undersigned counsel has not had the opportunity to fully review the discovery in total. Once that review is complete, counsel can complete investigation based on that discovery, and confer with witnesses based on any investigation.

9. Further, counsel is actively seeking out additional materials that could impact Mr. Gerber's trial strategy, with an eye toward his role in the alleged offenses. The information contained in the sought-after records could additionally affect Mr. Gerber's potential sentencing guideline range and may lead to the need for additional evaluation and records.

10. The current trial date of May 21, 2018 does not allow counsel to intelligibly and effectively advise Mr. Gerber as to his options and potential sentencing range, and will not allow a thorough investigation into the facts.

11. At this time, the defense counsel believes that 60 days will be sufficient time to complete review of discovery, acquire necessary records, and investigate any issues that may arise in this case.

12. Defense counsel has conferred with Assistant United States Attorney Dan Burrows, who does not oppose this motion.

13. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if

necessary).    Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Gerber's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Gerber respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary.Butterton@fd.org
Attorney for Defendant

5

CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO VACATE ALL CURRENT DEADLINES AND DATES AND TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel Burrows, Assistant United States Attorney
Email: Daniel.Burrows@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Gerber       (via Mail)
ComCor
2723 N. Nevada Avenue
Colorado Springs, CO 80907

                                   s/Mary V. Butterton
                                   Mary V. Butterton
                                   Assistant Federal Public Defender
                                   633 17th Street, Suite 1000
                                   Denver, CO  80202
                                   Telephone:  (303) 294-7002
                                   FAX:  (303) 294-1192
                                   Mary_Butterton@fd.org
                                   Attorney for Defendant