**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 18-cr-00118-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL GERBER,

    Defendant.

---

### ORDER DIRECTING COMPETENCY EVALUATION
---

A hearing in this matter was held on the 14th day of June, 2018. The Government appeared by Assistant United States Attorney Daniel Burrows. The Defendant appeared in person and by counsel, Assistant Federal Public Defender Mary Butterton.

Upon consideration of the defense counsel's statements, restricted session statements, a June 11, 2018 status report from Probation, and references to a volume of psychiatric records by all parties, and upon the Court's observation of Defendant and understanding of the pertinent facts in this matter, the Court finds:

(1)    Pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(2)    Pursuant to 18 U.S.C. § 4241(b), the Court orders that a psychiatric or psychological examination of the Defendant be conducted, and that a psychiatric or

psychological report be filed with the Court pursuant to the provisions of 18 U.S.C. § 4248(b) and (c).

(3) The Court designates Karen V. Fukutaki, M.D., to perform the examination and file the report. The Court orders that the examination be conducted on an out-of-custody basis, and directs Defendant to contact Dr. Fukutaki at (303) 667-3249, within three (3) business days of the date of this Order, to arrange for said examination. Also within three (3) business days of this Order, the parties shall provide Dr. Fukutaki with such reports, records and documents as are deemed appropriate or necessary for Dr. Fukutaki to review. With respect to the government, such documents shall include the Complaint (including the Affidavit), the Indictment and law enforcement reports relating to the incident on which charges herein have been based. Either side may supplement their submission as other pertinent records may become available.

(4) The report shall include the matters specified in 18 U.S.C. § 4247(c) and be filed by providing the Court with a copy using Secure Portal. A hearing will be scheduled upon receipt of the report.

(5) The examination provided for herein shall be completed within thirty (30) days of the date of the first meeting between Dr. Fukutaki and the Defendant, except that Dr. Fukutaki may apply for a reasonable extension of time, not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary for the examination.

(6) Not later than 45 days from the date of the Defendant's first meeting with Dr. Fukutaki, she shall notify the Court of the Defendant's mental status and prognosis anticipated in accordance with the provisions of 18 U.S.C. § 4241(d). Upon receipt of the report, the Court will cause the same to be filed as Restricted Level 1.

(7)     A competency hearing will be set upon receipt of Dr. Fukutaki's report.

(8)     Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed.

DATED this 14th day of June, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge