IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-cr-000118-RM

UNITED STATES OF AMERICA,

    Plaintiff

    v.

MICHAEL GERBER,

    Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 45 DAYS FROM THE SPEEDY TRIAL ACT COMPUTATION AND CONTINUE THE JURY TRIAL AND TRIAL PREPARATION CONFERENCE**

---

The Defendant by and through counsel, John Sullivan, of the Law Office of John F. Sullivan, III, PC, and pursuant to 18 U.S.C. § 3161 (h)(7)(B), respectfully submits the following in support of his unopposed request for this Court to grant a continuance of the trial and trial preparation conference, and exclude 45 days from the speedy trial calculation.  In support of his motion, the Defendant offers the following:

1) Under the Speedy Trial Act, a trial must commence no later than seventy days after indictment or initial appearance, whichever comes later.  The Act excludes time which results in a continuance on the basis of findings that the ends of justice outweigh the interests of the public and defendant in a speedy trial.  18 U.S.C. § 3161 *et seq.*  Notably, "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth in writing, its reasons for finding that the ends of justice

served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial". 18 U.S.C. § 3161(h)(7)(A)(*cited in United States v. Toombs,* 574 F.3d 1262, 1268 (10th Cir. 2009)).

2) The *Toombs* court noted, among others, the factor below as one which a court may consider in determining whether to grant a continuance or exclusion of time: "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii)…would deny counsel for the defendant… the reasonable time necessary for effective preparation taking into account the exercise of due diligence". 18 U.S.C. § 3161(h)(7)(B)(iv). *See Toombs,* 574 F.3d at 1269.

3) The *Toombs* court continued: "'…the record must clearly establish the district court considered the proper factors at the time such a continuance was granted'. [citation omitted]. 'In setting forth its findings, however, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself'". *Id,(citing United States v. Occhipinti,* 998 F.2d 791, 797 (10th Cir. 1993).

4) Effective preparation of counsel is a factor which the Court may consider. *See United States v. Hills,* 618 F.3d 619, 628-9 (7th Cir. 2010).

5) Counsel entered his appearance on this case on July 20, 2018 and thus has had less than three weeks to prepare to this date. There is a jury trial set for September 10, 2018 and a trial preparation conference set on August 29, 2018.

6) Discovery is not voluminous, however, there are several other considerations supporting this request for additional time. As evidenced by the competency filing, there are issues with regards to mental health considerations of the Defendant. The

    Defendant is being detained at a halfway house in Colorado Springs. Counsel has visited with him there twice but it is somewhat difficult to find a place where we can meet privately due to the limited space.   Counsel has been able to receive most of the discovery from the Defendant's prior counsel and the U.S. Attorney's Office, but that process is not complete as counsel has had technical difficulties opening the videos from the incident.  To that end, the U.S. Attorney's Office is providing new copies of the discovery.   There may also be a need to interview at least one and maybe several of the witnesses.  As evidenced by the charging information and other filed documents, the Defendant has struggled through the pendency of the incident, arrest and with his previous attorney. There are also ongoing plea negotiations.

7) It should not take too much more time but having less than a month at this point is proving difficult.
8) Counsel has spoken with Special Assistant United States Attorney, Daniel Burrows, who has no objection should the Court see fit to grant this motion.

WHEREFORE, based upon the above, the Defendant respectfully requests this Court continue the jury trial and trial preparation conference and exclude 45 days from the Speedy Trial calculation, and find that the ends of justice served by such a continuance and time exclusion outweigh the best interests of the public and Defendant in a speedy trial, and for all other relief proper in the premises.

Respectfully submitted this the 7th day of August, 2018

                                                s/John F Sullivan
                                                Law Office of John F Sullivan, III
                                                1745 Shea Center Drive, 4th Floor
                                                Littleton, CO 80129
                                                (303) 748-4343

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this entry on the party below on this the 7th day of August, 2018 via ECF:

    Mr. Daniel Burrows
    Special Assistant United States Attorney

                                        s/John F. Sullivan_____