IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:    18-CR-118-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ARTHUR GERBER,

Defendant.

---

ORDER OF DETENTION

---

This matter came before the Court for a detention hearing on September 5, 2018. Assistant United States Attorney Burrows represented the Government and Mr. Sullivan represented the Defendant.  After considering:

> The contents of the file;
> The petition for warrant on Defendant on pre-trial release;
> The pre-trial services report; and
> The fact that Defendant does not contest detention (reserving the opportunity to conduct a hearing at a later time):

> I ORDER the Defendant detained.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will

reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

In this matter Defendant is charged, by way of indictment, with assaulting a federal employee and cyberstalking and is facing NMT 8 years imprisonment. Defendant was placed on conditions of release in 2/2018 with residence required in a half-way house. Defendant was discharged from the half-way house on August 27, 2018 for multiple violations including leaving because he wanted to and did not feel like restrictions were warranted.

As a result, after considering all of these factors, I find by a preponderance of the evidence that Defendant is a flight risk and I conclude that there is no condition or combination of conditions for release which will reasonably assure the Defendant's appearance for Court proceedings.

As a result, after considering all of these factors, I find by clear and convincing evidence that Defendant is a danger to the community and I conclude that there is no condition or combination of conditions for release that will assure the safety of any other persons and the community.

Accordingly, it is hereby

**ORDERED** that the Defendant is detained as a flight risk.

**ORDERED** that the Defendant is detained as a danger to the community.

**ORDERED** that the Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that the Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver each Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated September 6, 2018.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge