IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00118-RM

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. MICHAEL GERBER,

   Defendant.

---

# PLEA AGREEMENT

---

The United States of America, by and through Daniel E. Burrows, Special Assistant U.S. Attorney for the District of Colorado, and Defendant, Michael Gerber, personally and by counsel, John F. Sullivan III, submit the following plea agreement pursuant to D.C.COLO.LCrR 11.1.

## I.  AGREEMENT

A.   *Defendant's Obligations*

Defendant agrees to plead guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 111(a)(1), assaulting a federal employee.

Defendant also agrees that he will not oppose the government's motion for a one-criminal-history-point upward departure under U.S. Sentencing Guidelines Manual § 4A1.3(a)(2)(D) (U.S. Sentencing Comm'n 2016).

Finally, Defendant agrees to waive his appeal rights, as set forth below.

B.   *The Government's Obligations*

The United States agrees, under Fed. R. Crim. P. 11(c)(1)(A), that it will move,

Court's Exhibit

1

at sentencing, to dismiss the remaining count in the Indictment (Count 2) with prejudice.

The United States also agrees, under Fed. R. Crim. P. 11(c)(1)(B). that it will not seek any enhancement under U.S. Sentencing Guidelines Manual § 3A1.2 (U.S. Sentencing Comm'n 2016).

Finally, the United States agrees, under Fed. R. Crim. P. 11(c)(1)(B), that it will not request a sentence of imprisonment greater than the midpoint of the guideline-recommended range as calculated by the Court. Regardless of the Court's calculation, however, the United States will not request more than eighteen months of imprisonment.

C.   *Defendant's Waiver of Appeal*

Defendant is aware that 18 U.S.C. § 3742 (2012) affords him the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13, or (3) the government appeals the sentence imposed. If any of these three criteria apply, Defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255 (2012)). This waiver provision does not prevent Defendant from seeking relief otherwise available in a collateral

attack on any of the following grounds: (1) he should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute, (2) he was deprived of the effective assistance of counsel, or (3) he was prejudiced by prosecutorial misconduct.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

1.  Defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the person described in the indictment (here, a security guard named P.K.);

2.  that person was an officer or employee of the United States, or was assisting an officer or employee of the United States in the performance of official duties;[1]

3.  Defendant acted intentionally; and

4.  Defendant made physical contact with the victim.[2]

---

[1] The Tenth Circuit pattern instruction only includes federal officers or employees themselves. *See* 10th Cir. Crim. Pattern Jury Instr. 2.09. However, the statute protects all those mentioned in 18 U.S.C. § 1114 (2012), and § 1114 plainly includes not just federal officers or employees engaged in official duties but also "any person assisting such an officer or employee in the performance of such duties." *Accord United States v. Ama*, 97 F. App'x 900, 902 (10th Cir. 2004); *United States v. Matthews*, 106 F. 3d 1092, 1096 (2d Cir. 1997); *United States v. Gaither*, 533 F. Supp. 2d 540, 546 (W.D. Pa. 2008).

[2] This element is likewise not in the pattern instruction. However, it is required by 18 U.S.C. § 111 (2012) to make the crime a felony rather than a misdemeanor and therefore, under the rule from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is an element of the crime.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of § 111(a)(1) is: not more than eight years' imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and mandatory restitution.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that Defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553 (2012), additional facts may be included below that are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and that are relevant to the Court's guideline computations, to other § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is January 23, 2018.

The parties agree as follows:

On January 21, 2018, Defendant went to the Social Security Administration field office in Colorado Springs, Colorado. Upon arriving, Defendant attempted to cut in line. When instructed he would have to wait in line like everyone else, Defendant started yelling and causing a disturbance. At that point, P.K, a guard employed by a company the government had contracted to provide security at that location, escorted Defendant outside and told him to return another day. As he was being escorted out and continuing for a couple minutes once outside, Defendant continued to yell, calling P.K. "a piece of shit" and other choice phrases. Eventually, however, Defendant walked off in the direction of his vehicle.

At that time, P.K. went back inside and stationed himself right next to the door. Defendant returned only a few short minutes later, opened the door and yelled a threat to bomb the building (or words to that effect). When he opened the door, Defendant was met by P.K., who at that point determined he should arrest Defendant for causing a disturbance. P.K. then took Defendant outside by the arms with the intent of detaining him. However, before he handcuffed Defendant, P.K. reached for his radio to call in the incident. At that point, with his free right arm, Defendant reached into his pocket and pulled out an aerosol can containing pepper spray or some other chemical irritant. Defendant then reached over his left shoulder and sprayed the irritant at P.K., hitting P.K. heavily on the left side of his face.

A struggle ensued. Another guard, T.R., rushed out of the building to assist P.K. As T.R. was running out, Defendant sprayed the irritant at him as well. Defendant aimed for T.R.'s face, but T.R. was able to get his hands up so his hands

received most of the spraying. After a short struggle, P.K. and T.R. were able to wrestle Defendant to the ground, disarm him, and put him in handcuffs. Both local and federal law enforcement responded, and Defendant was charged in state court with assault and trespassing.

At the time of this incident, Defendant was already facing misdemeanor charges in state court for telephone harassment. Likewise, after the assault, Defendant was issued a federal petty offense citation for disorderly conduct based on a telephone threat he had made to set fire to the Colorado Springs VA clinic and run over people in the parking lot.[3]

## VI. ADVISORY GUIDELINE COMPUTATION AND § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the U.S. Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the U.S. Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters that are in dispute.

A.    The base guideline is U.S. Sentencing Guidelines Manual § 2A2.4 (U.S. Sentencing Comm'n 2016), with a base offense level of 10.

B.    The following specific offense characteristics apply:

---

[3] The incident that resulted in the petty offense citation occurred on January 21, 2018 (two days before the assault at the Social Security office). However, the citation was not served on Defendant until January 25, 2018 (three days after the assault). Defendant ultimately paid a $280 collateral forfeiture for this ticket.

- three points for an offense involving physical contact, *id.* § 2A2.4(b)(1);
- two points for a victim sustaining bodily injury, *id.* § 2A2.4(b)(2).

C.   There are no victim-related, role-in offense, obstruction, or multiple-count adjustments.

D.   The adjusted offense level therefore would be 15.

E.   The parties agree that a two-level decrease for acceptance of responsibility would be appropriate under *id.* § 3E1.1(a), presuming Defendant does nothing inconsistent with accepting responsibility between pleading guilty and sentencing. The resulting offense level therefore would be 13.

F.   The parties understand that Defendant's criminal history computation is tentative. The criminal history category will be determined by the Court based on Defendant's prior convictions. Based on information currently available to the parties, it is estimated that Defendant's criminal history category would be Category I. However, the parties have stipulated that it is appropriate to depart upward by one criminal history point under *id.* § 4A1.3(a)(2)(D). Based on information currently available to the parties, this departure would move Defendant into Category II.

G.   The career offender, criminal livelihood. and armed career criminal adjustments would not apply.

H.   The advisory guideline range resulting from these calculations is fifteen to twenty-one months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from twelve months (bottom of Category I) to forty-one months (top of Category VI). The guideline range would not exceed, in any case, the statutory maximum applicable to the

count of conviction.

I.   Pursuant to *id.* § 5E1.2, assuming the estimated offense level above. the fine range for this offense would be $5500 to $55,000, plus applicable interest and penalties.

J.   Pursuant to *id.* § 5D1.2, if the Court imposes a term of supervised release, that term is at least one year but not more than three years.

K.   *Id.* § 5E1.1 requires the Court to enter a restitution order for the full amount of the victim's loss in accordance with 18 U.S.C. § 3663A (2012).

The parties understand that although the Court will consider their estimate. the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form) within the advisory guideline range, or above the advisory guideline range up to and including

imprisonment for the statutory maximum term, regardless of any computation or position of any party on any § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor Defendant has relied or is relying on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: _10/10/18_    _____
Michael Gerber
Defendant

Date: _10/10/18_    _____
John F. Sullivan III
Attorney for Defendant

Date: _10/10/18_    _____
Daniel E. Burrows
Special Assistant U.S. Attorney