FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

May 23, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL GERBER,

    Defendant - Appellant.

No. 19-1022
(D.C. No. 1:18-CR-00118-RM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.

    Michael Gerber pleaded guilty to assaulting a federal employee in violation of 18 U.S.C. § 111(a)(1). He was sentenced to prison for 12 months and one day, after the district court varied downward from the Sentencing Guidelines range of 15 to 21 months. He was also sentenced to a three-year term of supervised release. Although his plea agreement contained an appeal waiver, he filed a notice of appeal. The government has moved to enforce the appeal waiver in Mr. Gerber's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Discussion

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.  Mr. Gerber seeks to argue on appeal "that the imposition of the maximum term of supervised release and the conditions thereof were not supported by the evidence and sufficient reasoning."  Resp. to Mot. to Enf. at 5.  He asserts that his appeal is either outside the scope of the waiver or meets an exception to the waiver; his waiver was not knowing and voluntary; and enforcing the waiver would result in a miscarriage of justice.

A. *Scope of the Waiver*

The appeal waiver in Mr. Gerber's plea agreement states:

> Defendant is aware that 18 U.S.C. § 3742 (2012) affords him the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this . . . , Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:  (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13, or (3) the government appeals the sentence imposed.

Mot. to Enf., Attach. 1 at 2.

1. Alleged Ambiguity in the Waiver

Mr. Gerber first argues his appeal is not within the scope of the waiver because whether a term of supervised release is included in the "sentence" is ambiguous.  We disagree.

2

"When construing an appellate waiver, we apply well-established contract principles and examine the plain language of the agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005) (internal quotation marks omitted). "[W]e strictly construe the scope of the appellate waiver and interpret any ambiguities against the Government and in favor of a defendant's appellate rights." *Id*. at 1151-52 (internal quotation marks, brackets, and ellipsis omitted). "But we do not hesitate to hold a defendant to the terms of a lawful plea agreement." *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (internal quotation marks omitted).

Mr. Gerber's argument is contrary to the plain language of the plea agreement, statutory authority, and our precedent. As will be discussed more fully below, Mr. Gerber agreed to a broad waiver of his right to appeal any matter in connection with his sentence and the term of supervised release and conditions of supervised release are part of his sentence.

The plea agreement explains that "Defendant is aware that 18 U.S.C. § 3742 . . . affords him the right to appeal the sentence." Mot. to Enf., Attach. 1 at 2. Section 3742 indicates that a term or condition of supervised release is a part of the sentence that may be appealed. It states:

> A defendant may file a notice of appeal . . . for review of an otherwise final sentence if the sentence . . . is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation or *supervised release* than the maximum established in the guideline range, or includes a more limiting condition of probation or *supervised release* . . . than the maximum established in the guideline range[.]

3

18 U.S.C. § 3742(a)(3) (emphasis added).  Mr. Gerber acknowledged in his plea agreement that he understood his right to appeal his sentence under § 3742, which includes the right to appeal any term of supervised release and conditions of supervised release.  And he further acknowledged that—understanding his right to appeal his sentence—he knowingly and voluntarily waived his right to appeal any matter in connection with his sentence.

The statute that governs supervised release also expressly states that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment*[.]"  18 U.S.C. § 3583(a) (emphasis added).  And this court has held that a condition of supervised release is part of the sentence and therefore a challenge to a condition of supervised release is barred by a broad waiver that encompasses all appellate challenges to the sentence (other than those falling within the explicit exceptions to the waiver).  *See United States v. Cooper*, 498 F.3d 1156, 1159-60 (10th Cir. 2007); *Sandoval*, 477 F.3d at 1207.

Mr. Gerber acknowledges our decision in *Sandoval*, but he attempts to argue that *Sandoval* is distinguishable because "the waiver language in that case was more specific and more encompassing than the language in Mr. Gerber's plea agreement."  Resp. to Mot. to Enf. at 5.  We see no material distinction between the language in *Sandoval* and the language in Mr. Gerber's waiver—both involved broad waivers of

the right to appeal the sentence or any matter in connection with the sentence. *Compare Sandoval*, 477 F.3d at 1207, *with* Mot. to Enf., Attach. 1 at 2.

Mr. Gerber also admits that § 3583 states that the court may include a term of supervised release as part of the sentence. But he then argues that "the plea agreement here refers only to [18 U.S.C.] § 3553 in regard to supervised release and not § 3583." Resp. to Mot. to Enf. at 6. We do not see how this changes the effect of the statutory language in § 3583, which states that a term of supervised release is part of the sentence. Moreover, the reference to § 3553 in the plea agreement is consistent with treating a term of supervised release as part of the sentence because § 3553 sets forth the factors to be considered in imposing a sentence. And § 3583 states that "[t]he court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553." 18 U.S.C. § 3583(c).

Mr. Gerber next argues that in *United States v. Chino*, 331 F. App'x 592, 597 (10th Cir. 2009), "[t]his court . . . found a plea agreement ambiguous as to the waiver of appeal on restitution payments under similar circumstances." Resp. to Mot. to Enf. at 6. But the circumstances in *Chino* and this case are not similar. *Chino* is an unpublished decision from this court where we held that an order of restitution was outside the scope of the appellate waiver. *See* 331 F. App'x at 597-98. Unlike a challenge to a condition of supervised release, which we have held is "clearly part of [the defendant's] 'sentence' and is thus barred by [the] waiver of the right to appeal," *Cooper*, 498 F.3d at 1160, "[w]e have yet to determine whether a general waiver of

the right to appeal a 'sentence' necessarily includes a waiver of the right to appeal all restitution awards," *id*. at 1159. *Chino* does nothing to undermine this court's published authority in *Sandoval* and *Cooper* holding that a term of supervised release and conditions of supervised release are part of the sentence and covered by a waiver of the right to appeal the sentence. Mr. Gerber's appeal is within the scope of his appeal waiver.

    2. Exception to the Waiver

Mr. Gerber next argues that "[i]f this court concludes that the term supervised release is included in 'the sentence' then [he] meets the second exception to his waiver." Resp. to Mot. to Enf. at 8. He contends that "[t]he 'sentence' of a year and a day, followed by 3 years of supervision, exceeds the advisory guideline range that applies to a total offense level of 13, criminal history category II, or 21 months." *Id*. at 9. Mr. Gerber cites to no authority to support this proposition and we are aware of none. The guideline range of 15 to 21 months is for Mr. Gerber's term of imprisonment. There is a separate guideline range for Mr. Gerber's three-year term of supervised release, which was expressly noted in the Plea Agreement. *See* Mot. to Enf., Attach 1. at 8 ("Pursuant to [U. S. Sentencing Guidelines Manual] § 5D1.2, if the Court imposes a term of supervised release, that term is at least one year but not more than three years."); *see also* U.S.S.G. § 5D1.2 ("[I]f a term of supervised release is ordered, the length of the term shall be . . . [a]t least one year but not more than three years for a defendant convicted of a Class C or D felony."). Mr. Gerber's

appeal of his term of supervised release and conditions of supervised release does not fall within any exception to his appeal waiver.

    B.  *Knowing and Voluntary Waiver*

When considering whether a waiver is knowing and voluntary, this court "especially look[s] to two factors":  (1) the language of the plea agreement and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.  *Hahn*, 359 F.3d at 1325.  Mr. Gerber bears the burden of presenting evidence from the record to demonstrate his waiver was not knowing and voluntary.  *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam).

Mr. Gerber concedes the language of the plea agreement states that he is knowingly and voluntarily waiving his right to appeal.  And he "further acknowledged that he signed the plea agreement knowingly and voluntarily" and "that he understood the waiver."  Resp. to Mot. to Enf. at 11.  He also notes that the court explained the three exceptions to the waiver.  But he argues that he "did not understand the full scope of the waiver and the extent of its application to his case."  *Id*.  He then explains that he was advised in the plea agreement and by the court at the change of plea hearing that the government would not ask for more than 18 months.  And that he was advised in the plea agreement and on the record at the change of plea hearing that there was a maximum penalty for a term of supervised release.  But he contends that "the ambiguity lead [sic] to a misunderstanding that the scope of the wavier [sic] would prohibit him from appealing his judgment beyond the terms of imprisonment."  *Id.*

Mr. Gerber continues to argue about the scope of the appeal waiver. As noted in the discussion above, there was no ambiguity in the plea agreement and his appeal falls within the scope of the waiver. He also seems to argue that he could not have knowingly waived his right to appeal the term of supervised release and conditions of supervised release because he did not know how those were going to be applied to his circumstances. "But the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Sandoval*, 477 F.3d at 1207 (internal quotation marks omitted). We have therefore "rejected the notion that a defendant must know with specificity the result he forfeits before his waiver is valid." *Id*. at 1208 (internal quotation marks omitted). The plea agreement and the plea colloquy show that Mr. Gerber knowingly and voluntarily waived his appeal rights. He has failed to meet his burden of presenting evidence from the record to show his waiver was not knowing and voluntary.

C. *Miscarriage of Justice*

We have explained that enforcement of an appellate waiver does not result in a miscarriage of justice unless one of the following four situations occurs: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks

omitted). Mr. Gerber attempts to add a fifth situation—arguing that a miscarriage of justice occurs "when the waiver is unlawful, *or seriously affects the fairness, integrity or public reputation of the judicial proceedings*." Resp. to Mot. to Enf. at 12 (emphasis added). He then argues "[a] waiver that is ambiguous and supplies variant meanings to terms seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*.

In *Hahn*, we held "that to satisfy the fourth . . . factor—where the waiver is otherwise unlawful—the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." 359 F.3d at 1327 (brackets and internal quotation marks omitted). This standard for satisfying the fourth factor is not a separate category distinct from an unlawful waiver as Mr. Gerber attempts to argue. Mr. Gerber has not shown that his waiver was unlawful. And, again, the term "sentence" is not ambiguous. Mr. Gerber has pointed to no authority where a term of supervised release and conditions of supervised release were not considered part of a sentence. Mr. Gerber has failed to show that enforcing his appeal waiver would result in a miscarriage of justice.

II. Conclusion

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

                                                Entered for the Court
                                                Per Curiam