IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-00118-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL GERBER,

     Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE

On November 6, 2020, the defendant sent a letter to the Court requesting that he be released from supervised release after serving approximately one and a half years of his three-year term.  In support, the defendant claims he has complied with the terms of his supervision and would like to move out of state, ECF 86.

The government opposes this request for the reasons set forth below.

### BACKGROUND

On January 21, 2018, the defendant was arrested at the Social Security Administration (SSA) office in Colorado Springs, Colorado, on state charges of assault and trespassing.  The defendant caused a disturbance at the SSA office after being told he would have to wait in line like everyone else.  Despite being escorted out of the building, the defendant returned and threatened to bomb the building.  While an SSA guard took the defendant outside by the arms with the intent of detaining him, the

defendant pulled out an aerosol can containing pepper spray or a similar irritant and sprayed the guard in the face. He also sprayed another guard who came to the first guard's aid. ECF 60 (Plea Agreement) at 5-6.

At the time of this incident, the defendant was facing misdemeanor state charges for telephone harassment. Likewise, after this assault, the defendant was issued a federal citation for disorderly conduct based on a telephone threat he made to set fire to the Colorado Springs VA clinic and run over people in the parking lot. *Id.* at 6.

On March 14, 2018, a federal grand jury returned an indictment charging the defendant with one count of assaulting a federal employee, in violation of 18 U.S.C. § 111(a) and one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2). ECF 17. The assault charge carried a maximum penalty of eight years and the cyberstalking charge was punishable by up to five years in prison. ECF 17-1.

The Court held a competency hearing in this matter in July of 2018, found the defendant competent, and scheduled this matter for a trial commencing on September 10, 2018. ECF 40. However, on August 30, 2018, the defendant was arrested for violating the conditions of his pretrial release. The defendant was ordered detained, and on October 10, 2018, he pled guilty pursuant to a plea agreement to assaulting a federal officer. ECF 49, 55, 56, and 59.

With a criminal history category of II, the defendant was facing an advisory guideline range of 15 to 21 months in prison. On January 4, 2019, the Court sentenced the defendant to 12 months and one day in prison, followed by three years of supervised release. ECF 70.

**ARGUMENT**

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The main goal "of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release." *United States v. Gutierrez,* 925 F.Supp.2d 1196, 1199-1200 (D. N.M. 2013) (citation omitted). The Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether to grant a motion for early termination of supervised release. *Id.* at 1200.

In light of the facts of the instant assault, and the fact the defendant was previously convicted of assaulting a nurse at a local hospital, as well as convicted of harassment for a prior telephone threat, the government submits that early termination of the defendant's supervised release is not appropriate at this time. *See Gutierrez,* 925 F.Supp.2d at (finding that "Gutierrez' conduct—although compliant with the conditions of his release—" did not warrant early termination of supervised release based on the § 3553(a) factors); *cf. United States v. Chavez,* No. 12-20039-01-KHV, 2018 WL 3757663, at *2 (denying defendant's request for early termination of supervised release after serving 19 of his 36 months of supervision where, in addition to failing to pay the

forfeiture judgment, the nature and circumstances of the offense counseled against relief and the defendant's sentence was significantly lower than his guideline range).

After considering the circumstances of the offense and the defendant's history and characteristics (including violation of the terms of his pretrial release), this Court determined that a 12 month and one day sentence, followed by three years of supervision, was the just sentence for this defendant.  That the defendant has complied with the conditions of his supervision thus far, by itself, does not warrant reducing the term of his supervised release by approximately 50 percent.

### CONCLUSION

The government submits that it is too early to terminate the defendant's period of supervised release.  The defendant should be required to submit a more fulsome request for early termination in six months explaining to the Court why termination of his three-year period of supervision is warranted at that time.

Respectfully submitted this 20th day of November, 2020.

JASON R. DUNN
United States Attorney


By: *Martha A. Paluch*_____
MARTHA A. PALUCH
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail:  Martha.paluch@usdoj.gov
Attorney for Government

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 20th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and that I placed in the United States mail a copy of the foregoing addressed to:

Michael Gerber
6620 Stonehedge Drive
Colorado Springs, CO  80918

<u>*s/ Stephanie Price*</u>
Stephanie Price
Legal Administrative Specialist
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  stephanie.price@usdoj.gov